1  **WO**

2

3

4

5

6             IN THE UNITED STATES DISTRICT COURT

7             FOR THE DISTRICT OF ARIZONA

8

9  Merrill Lynch, Pierce, Fenner & Smith)    No. CV-08-1751-PHX-FJM
   Incorporated, ,                       )
10                                         )    **ORDER**
              Plaintiff,                  )
11                                         )
   vs.                                    )
12                                         )
                                          )
13 Andrew Brinkman, Michael Lyons, Daniel)
   Peters, Matthew Sonder, and Edward)
14 Sweeney,                               )
                                          )
15            Defendant.                  )
                                          )
16 _____)

17

18

19        This is an action by Merrill Lynch against five former employees alleging violations

20 of their employment agreements.  We held an expedited hearing on plaintiff's "Motion for

21 Temporary Restraining Order and Preliminary Injunction (with Notice)" (doc. 2), and have

22 considered the motion, response, and the reply.  After hearing, we took the matter under

23 advisement and now rule.  These are our Findings and Conclusions under Rule 52(a), Fed.
   R. Civ. P.
24
          The essential facts are not in dispute.  Under their employment agreements with
25
   Merrill Lynch, defendants agreed that all work records and information belong to Merrill
26
   Lynch and that they would not use the information or remove it from the Merrill Lynch
27
   office except while conducting Merrill Lynch business.  They also agreed that if they should
28

1   resign from Merrill Lynch, for a period of one year they would not solicit any Merrill Lynch

2   account they served, or knew about, during their employment.  And, they agreed that if they

3   breached the agreement, Merrill Lynch would be entitled to a temporary restraining order

4   requiring them to return the records and enjoining them from soliciting any account

5   defendants served, or knew about, while employed at Merrill Lynch.

6          The defendants resigned from Merrill Lynch and took certain account information.

7   Merrill Lynch now asks us to require the defendants to return the documents they took, to

8   not disclose them to their new employer, Baird, and prohibit them from soliciting Merrill

9   Lynch customers.

10          The defendants do not deny Merrill Lynch's factual allegations.  They do, however,

11   argue that the employment agreements are overly broad and therefore unreasonable and

12   unenforceable.  They contend that the clients belong to the brokers and not to Merrill Lynch.

13   They argue that they have spent their own money on these clients, and that these clients were

14   concerned about Merrill Lynch's financial status.  They contend that because Merrill Lynch

15   is a signatory to a protocol that allows brokers, upon resignation, to take client names,

16   addresses, phone numbers, e-mail addresses, and account titles, Merrill Lynch is not

17   damaged by their release.

18          Merrill Lynch contends that it does not want to interfere with the customers' right to

19   choose a broker.  Nor does it want to interfere with the brokers' ability to work.  It only

20   wants to enforce its contractual rights.  It also contends that because Baird is not a signatory

21   to the protocol, the brokers' reliance on it is misplaced.

22          All of this is against the backdrop of the parties' agreement to arbitrate their dispute,

23   except for immediate equitable relief. The complaint seeks only a temporary restraining

24   order.

25          We first reject Merrill Lynch's contention that because the defendants agreed to the

26   issuance of one upon breach, the legal standard for the issuance of a temporary restraining

27   order does not apply.  The parties by contract cannot alter the law related to the invocation

28   of the equitable power of an Article III court.  This court will involve itself in a private

1   dispute  only upon a satisfactory showing of compliance with Rule 65, Fed. R. Civ. P., and

2   the applicable standard for the issuance of a temporary restraining order.  As noted in the

3   parties' written submissions, a party is entitled to injunctive relief if it demonstrates either

4   a combination of probable success on the merits and the possibility of irreparable injury, or

5   that serious questions are raised and the balance of hardships tips sharply in the applicant's

6   favor.  *Save our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120 ( 9th Cir. 2004).

7          The defendants should not have left Merrill Lynch the way they did.  Even though

8   Baird was not a signatory to the protocol, they would have been wise to have followed it and

9   taken with them only the information allowed under the protocol.  Based upon the undisputed

10  facts, it seems plain that the defendants violated that part of the agreement that prohibited

11  them from taking information with them when they resigned.  And while the employment

12  agreement may be overly broad, it can be narrowed to cover Merrill Lynch customers.  And

13  thus the defendants should not solicit Merrill Lynch customers that they served or knew

14  about during their service.  Instead, they should have advised the customers that they were

15  leaving, and that the customers would be free to either stay with Merrill Lynch or go with

16  them to their new firm.  We reject Merrill Lynch's contention that they could not at least do

17  this.  The defendants do not deny that they solicited the customers.

18          We thus conclude that Merrill Lynch has shown probable success on the merits or at

19  least that serious questions are raised.  On the other hand, we think it highly unlikely that the

20  injury is irreparable.  We believe that the identification of lost clients and the determination

21  of associated damages would not be difficult within the scope of the parties' arbitration

22  agreement.  We also believe that the balance of hardship does not tip sharply in Merrill

23  Lynch's favor.  The hardship to Merrill Lynch, of course, is the loss of customers and we

24  were advised at oral argument that that has already occurred.  On the other hand, the harm

25  to the defendants is that they likely would not be able to earn a living in their chosen field

26  for up to a year.  Covenants not to compete of this sort are frowned upon because of their

27  anti-competitive effects and also because they can interfere with the right of a person to

28  work.  Merrill Lynch is unable to explain how the defendants could work under Merrill

1   Lynch's understanding of their obligations under the agreement.  We thus conclude that the

2   balance of hardships does not tip sharply in Merrill Lynch's favor.

3          Accordingly, Merrill Lynch has failed to satisfy the test for granting a temporary

4   restraining order under either prong of the test.  The first prong is not satisfied because of the

5   failure to show irreparable injury.  The second prong is not satisfied because of the failure

6   to show that the balance of hardships tips sharply in Merrill Lynch's favor.

7          IT IS THEREFORE ORDERED DENYING Merrill Lynch's "Motion for Temporary

8   Restraining Order and Preliminary Injunction (with Notice)" (doc. 2).[1]

9          DATED this 3rd day of October, 2008.

10

11

12

13   _____
      Frederick J. Martone
14    United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26   [1]On the other hand, defendants agreed in their papers and at oral argument to return all information to Merrill Lynch other than customer name, address and telephone number.
27   We think to the extent that they have not already done so, they should do so forthwith.  Nor should they solicit Merrill Lynch customers, but instead advise them of their departure and
28   let the customer decide whether to stay with Merrill Lynch or go with the defendants.

- 4 -